# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:22-CR-00244-KDB-SCR-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEREMY ISAIH PERDUE<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant Jeremy Isaih Perdue's motion for consideration of a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (Doc. No. 32). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce the sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id.*

The court follows a two-step process in considering a § 3582(c)(2) motion. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). The court first determines whether the Defendant is eligible for a sentence reduction and the extent of the authorized reduction. U.S.S.G. § 1B1.10(b)(1). The Defendant is eligible for sentence reduction consideration if application of the retroactive Guideline Amendment lowers the Defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B) and (b)(1).

Defendant contends that the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 would affect his sentence. (Doc. No. 32 at 1). The amendments to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category as Defendant did not have any "status points" as his offense was not committed while he was under a criminal sentence, and he was not a zero-point offender as Defendant has 4 criminal history points. (Doc. No. 26, ¶¶ 63-64).

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Doc. No. 32), is **DENIED.**

**SO ORDERED.**

Signed: November 29, 2023

Kenneth D. Bell
United States District Judge